IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00354-CMA-BNB

GREGG JOSEPH SAVAJIAN, #125166

Plaintiff,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility,
PHYSICIAN'S HEALTH PARTNERS, Facility Medical Provider,
DR. J. G. FORTUNADO, Staff Supr. Physician (PHP),
BRIAN WEBSTER, Physician's Asst. (PHP),
BEVERLY DOWIS, Facility Medical Administrator (PHP), and
OFFICER CHRIS WADE, Facility Transport Driver,

Defendants.
_____

**ORDER**
_____

This matter arises on the Plaintiff's **Motion to Grant Leave to Serve Additional Interrogatories Pursuant to Rule 33(a)(1)--Federal Rules of Civil Procedure** [Doc. # 69, filed 9/15/2009] (the "Motion"), which is DENIED.

The plaintiff alleges three claims: (1) that he has been denied proper medical treatment for hepatitis C; (2) that he has been denied proper medical treatment for chronic back and knee pain; and (3) that while being transported to a medical appointment the transport officer was deliberately indifferent to the inclement weather conditions, failed to reschedule the transport, and was involved in an accident, resulting in further injury to his back and knee. The plaintiff has sued the warden of the facility; Physician's Health Partners, which the plaintiff describes as having "the final decision concerning adequate treatment for inmates"; two health care providers (Dr. Fortunado and Physician Assistant Webster); Beverly Dowis, the facility medical

administrator; and Officer Wade, the transport driver.

I entered a scheduling order on August 10, 2009. In that order, I set discovery limits of 50 interrogatories. The plaintiff is requesting additional interrogatories, based principally on the argument that allowing an equal number of interrogatories for the plaintiff and for the defendants collectively is unfair:

> [T]he plaintiff moves this Court to rescind the limitation of fifty (50) per side, and in the interest of fairness and justice, increase the allowable amount requested by the plaintiff to twenty (20) per "party", which amounts to a total of one-hundred (100) separate interrogatories. There are five (5) individual defendants, equalling twenty per party. The defendants have a maximum of fifty (50) for one plaintiff. The disparity is blatantly lopsided.

Motion [Doc. # 69] at ¶ 2.[1]

Fairness in discovery is not achieved by perfect symmetry. In particular, the plaintiff has failed to detail how he has used the interrogatories already allotted; failed to specify what additional matters need to be inquired into; and failed to detail how he would use the additional interrogatories, if allowed. In my view, and given the nature of the case, each side should be able to adequately prepare its case with the 50 interrogatories already permitted. Expanding the number of interrogatories to 100, without a detailed showing of need, might invite abuse.

IT IS ORDERED that the Motion is DENIED.

---

[1] The Motion is quoted verbatim, without any attempt to identify or correct errors.

Dated October 1, 2009.

                                              BY THE COURT:

                                              _s/ Boyd N. Boland_
                                              United States Magistrate Judge