IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00354-CMA-BNB

GREGG JOSEPH SAVAJIAN, #125166

Plaintiff,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility,
PHYSICIAN'S HEALTH PARTNERS, Facility Medical Provider,
DR. J. G. FORTUNADO, Staff Supr. Physician (PHP),
BRIAN WEBSTER, Physician's Asst. (PHP),
BEVERLY DOWIS, Facility Medical Administrator (PHP), and
OFFICER CHRIS WADE, Facility Transport Driver,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the plaintiff's **Order to Show Cause for Preliminary Injunction and Temporary Restraining Order** [Doc. #21, filed 05/14/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff states that during the summer of 2008, he received three epidural spinal injections at the Denver Health Center to manage the pain of two herniated discs until he could receive a corrective surgery recommended by the neurosurgeon. He further states that as of May 8, 2009, he had been denied prescribed pain medication for 100 days and that the denial of the medication together with the denial of any treatment for his back injury has caused him to suffer serious pain, loss of sleep, loss of mobility, depression, and "emotional stress which cannot be described." *Motion* [Doc. #21-2], p. 1.

The plaintiff seeks to enjoin the defendants from "[t]he continuing refusal, denial, and

supplementing of medication, medical treatment, procrastination, and cursory examinations of the plaintiff . . . ." He requests an "independent full and efficient examination at an independent medical clinic/center to re-diagnose pre-existing back injuries, newly acquired knee and back injuries, (vehicle accident) and for the attending or independent medical professional during these current examinations be responsible and accountable to discern and recommend present, past, and future medical problems that need addressing." He requests "[t]o be free from harassment, physical abuse, or unnecessary medical 'tests' by PHP staff, to be excused from day/nighttime assignment(s), educational and extra duty activities using physical stress on the back and knee body functions . . . ." He seeks to maintain his "current visiting status, law library access, dietary needs, postal, canteen, adequate physical access to the outdoor yard, and any/all normal advantages and standard living priviledeges [sic] as per current security classification permits." Finally, he requests that the defendants be "restrained from: [h]arassment, abuse, abusive and unwarranted verbal assaults, vindictive and unnecessary directives not given to other inmates/offenders in same-similar situations, and any and all types of physical and or mental assault initiating retaliatory abuse from fellow inmates and staff." *Motion* [Doc. 21], pp. 1-2.

The plaintiff seeks both a temporary restraining order and a preliminary injunction. Where the opposing party has notice, as here, "the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." Emmis Communications Corp. v. Media Strategies, Inc., 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001).

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528

F.2d 1181, 1185 (10th Cir. 1975).  To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and

(4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).  The plaintiff's right to relief must be clear and unequivocal.  Penn, 528 F.2d at 1185.

> The following kinds of preliminary injunctions are disfavored:  (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits. SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991).  "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004).  The plaintiff seeks both a mandatory injunction and an injunction that would disturb the status quo.[1]  Therefore, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms."  Id. at 976.

---

[1] Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." SCFC, 936 F.2d at 1099.  Injunctions that disturb the status quo alter the parties existing relationship.  Id. at 1100.  "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights."  Id. (emphasis in original).

The plaintiff does not discuss any of the Lundgrin factors.[2]  Consequently, he has not sustained his burden to establish clearly and unequivocally his right to injunctive relief.  *Motion* [Doc. #21-2], p. 1.

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 29, 2009.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge

---

[2] Indeed, his entire argument consists of three conclusory paragraphs.  *Motion* [Doc. #21-2], p. 1.