IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00354-CMA-BNB

GREGG JOSEPH SAVAJIAN, #125166

Plaintiff,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility,
PHYSICIAN'S HEALTH PARTNERS, Facility Medical Provider,
DR. J. G. FORTUNADO, Staff Supr. Physician (PHP),
BRIAN WEBSTER, Physician's Asst. (PHP),
BEVERLY DOWIS, Facility Medical Administrator (PHP), and
OFFICER CHRIS WADE, Facility Transport Driver,

Defendants.

_____

**ORDER**
_____

This matter arises on the **Plaintiff's Motion to Request a Physical Examination by a Third Party Pursuant to Federal Civil Rules of Procedure, Rule 35(a)** [Doc. #93, filed 10/26/2009] (the "Motion").  The Motion is DENIED.

The plaintiff requests that the court "order an independent physical examination to ensure the patient/plaintiff's claims are correct in their content, and to allow the plaintiff to access the expert medical testimony in the form of a recent physical exam which can be used at trial." *Motion*, p. 2.  The plaintiff does not address who will pay the costs of the requested examination, and he fails to identify any authority or basis supporting a finding that the court or defendants should pay those costs.

I am aware that the plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. That statute authorizes federal courts to direct the United States to pay expenses for certain records and transcripts, 28 U.S.C. § 1915(c), but it does not authorize federal courts to order payment for medical examinations, or any other expense not specified in the statute. Hooper v. Tulsa County Sheriff Dept., 113 F.3d 1246, 1994 WL 295424 *2 (10th Cir. June 4, 1007). In addition, although the plaintiff brings this Motion under Fed. R. Civ. P 35(a), that Rule does not address allocation of the costs incurred for physical examinations.

IT IS ORDERED that the Motion is DENIED.

Dated November 10, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge