IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00354-CMA-BNB

GREGG JOSEPH SAVAJIAN, #125166

Plaintiff,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility,
PHYSICIAN'S HEALTH PARTNERS, Facility Medical Provider,
DR. J. G. FORTUNADO, Staff Supr. Physician (PHP),
BRIAN WEBSTER, Physician's Asst. (PHP),
BEVERLY DOWIS, Facility Medical Administrator (PHP), and
OFFICER CHRIS WADE, Facility Transport Driver,

Defendants.
_____

**ORDER**
_____

This matter arises on the following motions (the "Motions"):

1. **Plaintiff's Amended Motion to Grant Leave to Serve Additional Interrogatories to Defendant Webster; in Absente Reo** [Doc. # 84, filed 10/13/2009] (the "Motion to Serve Additional Interrogatories");

2. **Plaintiff's Motion Requesting Leave of Court to Amend Plaintiff's Motion Requesting an Independent Physical Examination . . .** [Doc. #118, filed 11/23/2009] (the "Motion to Reconsider Order re: Independent Physical Examination"); and

3. **Plaintiff's Motion to Compel Defendant(s) Disclosures By Admissions . . .** [Doc. #121, filed 11/24/2009] (the "Motion to Compel Admissions").

The Motions are DENIED.

The plaintiff alleges three claims: (1) he has been denied proper medical treatment for

hepatitis C; (2) he has been denied proper medical treatment for chronic back and knee pain; and (3) while being transported to a medical appointment the transport officer was deliberately indifferent to the inclement weather conditions, failed to reschedule the transport, and was involved in an accident, resulting in further injury to the plaintiff's back and knee.  The plaintiff has sued the warden of the facility; Physician's Health Partners, which the plaintiff describes as having "the final decision concerning adequate treatment for inmates"; two health care providers (Dr. Fortunado and Physician Assistant Webster); Beverly Dowis, the facility medical administrator; and Officer Wade, the transport driver.

## Motion to Serve Additional Interrogatories

The plaintiff seeks leave to exceed his discovery limit of 50 interrogatories in order to serve additional interrogatories on defendant Brian Webster.  By separate recommendation, I have recommended that defendant Webster be dismissed without prejudice.  Therefore, the plaintiff's Motion to Serve Additional Interrogatories is denied.

## Motion to Reconsider Order re: Independent Physical Examination

On October 26, 2009, the plaintiff filed a motion requesting a physical examination by a third party pursuant to Fed. R. Civ. P 35(a) [Doc. #93].  I denied the motion because the plaintiff did not address who will pay the costs of the requested examination, and he failed to identify any authority or basis supporting a finding that the court or defendants should pay those costs.

The plaintiff "prays this court will reconsider its denial of his Motion." *Motion to Reconsider Order re: Independent Physical Examination*, p. 4.  He states that he "wishes to have the court encumber his inmate account for examinations."  Id.

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  He does not

provide any proof that his account contains sufficient funds to pay for a medical exam. In addition, although the plaintiff states that he is seeking an independent medical examination pursuant to Fed. R. Civ. P 35(a), he is actually seeking a cost-free medical examination which he hopes will support his claims. *Plaintiff's Motion to Request a Physical Examination by a Third Party Pursuant to Federal Civil Rules of Procedure, Rule 35(a)* [Doc. #93], p. 2 (stating "in the interests of obtaining all possible evidence, not accessible by the plaintiff due to his indigent status, the plaintiff prays this court will order an independent physical examination to ensure the patient/plaintiff's claims are correct in their content, and to allow the plaintiff to access the expert medical testimony in the form of a recent physical exam which can be used at trial."). Rule 35 was not designed for this purpose. The Motion to Reconsider Order re: Independent Physical Examination is denied.

## Motion to Compel Admissions

The plaintiff states that he served 15 requests for admissions on defendant Wade and 14 requests for admissions on defendant Dowis. He complains that although Wade responded to all 15 requests, Dowis responded to only 7 of the requests. He seeks an order compelling Dowis to respond to the remaining requests.

The defendants attached to their response a copy of the plaintiff's Request for Admissions to Wade. *Defendants' Response to Plaintiff's Motion to Compel Defendant(s) Disclosures by Admissions* [Doc. #123], Ex. A. Although the plaintiff's requests to Wade comprise 15 separate paragraphs, several paragraphs sought admission of more than one fact. Id. Therefore, the defendants have responded to a total of 25 requests for admissions--18 directed to Wade and 7 directed to Dowis.

I entered a scheduling order on August 10, 2009 [Doc. #50]. In that order, I set discovery limits of 25 requests for admissions per side, including discrete subparts. The plaintiff exceeded this limit. Moreover, he has not sought leave of court to serve additional requests for admissions, nor has he shown good cause to justify additional requests. The Motion to Compel Admissions is denied.

IT IS ORDERED that the Motion to Serve Additional Interrogatories is DENIED.

IT IS FURTHER ORDERED that the Motion to Reconsider Order re: Independent Physical Examination is DENIED.

IT IS FURTHER ORDERED that the Motion to Compel Admissions is DENIED.

Dated December 17, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge