IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00354-CMA-BNB

GREGG JOSEPH SAVAJIAN, #125166

Plaintiff,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility,
PHYSICIAN'S HEALTH PARTNERS, Facility Medical Provider,
DR. J. G. FORTUNADO, Staff Supr. Physician (PHP),
BRIAN WEBSTER, Physician's Asst. (PHP),
BEVERLY DOWIS, Facility Medical Administrator (PHP), and
OFFICER CHRIS WADE, Facility Transport Driver,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff filed his Amended Prisoner Complaint (the "Complaint") on April 27, 2009 [Doc. #10]. On May 6, 2009, the district judge ordered the United States Marshal to effect service on the defendants [Doc. #14]. The Marshal obtained a waiver of service from Teresa Reynolds, Legal Assistant for the Colorado Department of Corrections ("CDOC"), for defendants Milyard, Dowis, Fortunato, and Wade on May 7, 2009 [Doc. #16]. Ms. Reynolds did not waive and accept service for defendant Brian Webster because be no longer works at CDOC. Ms. Reynolds provided the last known forwarding address for defendant Webster.

The Marshal was unable to serve Webster at the address provided by Ms. Reynolds because Webster does not reside at that address [Doc. #46]. Consequently, I ordered the plaintiff to show cause why the Complaint should not be dismissed as against defendant Webster for failure to prosecute [Doc. #47]. See D.C.COLO.LCivR 41.1. I cautioned the plaintiff that in the

event that no such showing was made, I would recommend to the district judge that the action be dismissed, without prejudice, against defendant Webster for failure to prosecute.

In his response to the show cause order, the plaintiff stated that Webster is a defendant in many other cases before this court and that the Attorney General's office is in possession of his address [Doc. #54, p. 6]. I ordered defense counsel to attempt to obtain Webster's address from the Attorney General in order to facilitate service on Webster in this case [Doc. #72], and I permitted defense counsel to file Webster's address under seal [Doc. #76]. Defense counsel filed under seal Webster's last known address [Doc. #77]. However, the last known address for Webster is a post office box, and the Marshal cannot serve a defendant at a post office box address.

Accordingly, I ordered the plaintiff to inform the court of a street address where Webster may be served with process or otherwise show cause in writing on or before December 4, 2009, why the Complaint should not be dismissed as to defendant Webster for failure to prosecute [Doc. #99]. I cautioned the plaintiff that in the event that no street address was provided or good cause was not otherwise shown, I would recommend that the action be dismissed, without prejudice, against defendant Webster for failure to prosecute.

In his response to my show cause order, the plaintiff does not provide a street address for defendant Webster. *Plaintiff's Motion to Show Cause Against Dismissal of Defendant Brian Webster* [Doc. #125, filed 12/08/2009] (the "Response"). Instead, he argues that Webster's address "can easily be obtained by the Counsel for the defendants, can be found by the U.S. Marshal's office, and can be readily available through the State Attorney General's Office . . . . I believe it is just a matter of a phone call to the appropriate official." Id. at p 3. The plaintiff also

argues that "as common fact dictates, one cannot obtain a Post Office box without disclosing a physical residential location for the box holder." He requests that the court serve Webster "by means of the United States Postal Service, using a 'First-class, Return-Receipt Signature Card.'" Id. at p. 4. He further requests that the court order defense counsel to "act in 'good faith' and release the actual physical address" of Webster. Id.

A defendant must be served in accordance with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4. Rule 4 does not provide for service of Webster by mailing him a "First-class, Return-Receipt Signature Card." Moreover, pursuant to this court's orders, the Marshal has attempted to (1) obtain a waiver of service from Webster, and (2) effect personal service on Webster. When the Marshal's attempts proved unsuccessful, I ordered defense counsel to provide Webster's last known address under seal. Defense counsel complied with the order.

Ultimately the plaintiff is responsible for providing the court with the current addresses of the parties he wishes to serve. Neither the defense counsel, the United States Marshal, nor the Attorney General's Office is responsible for obtaining addresses for service. The plaintiff has not provided a current street address for Webster, and he has not shown good cause why the Complaint should not be dismissed as to defendant Webster.

The local rules of this Court provide:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. Accordingly,

I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE as to defendant Brian Webster pursuant to Local Rule 41.1 for failure to prosecute.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 17, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge