**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00354-CMA-BNB

GREGG JOSEPH SAVAJIAN, #125166,

    Plaintiff,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility,
PHYSICIAN'S HEALTH PARTNERS, Facility Medical Provider,
DR. J. G. FORTUNADO, Staff Supr. Physician (PHP),
BRIAN WEBSTER, Physician's Asst. (PHP),
BEVERLY DOWIS, Facility Medical Administrator (PHP), and
OFFICER CHRIS WADE, Facility Transport Driver,

    Defendants.

---

**ORDER OVERRULING DECEMBER 17, 2009 RECOMMENDATION OF UNITED STATES MAGISTRATE AND DIRECTING PERSONAL SERVICE BY UNITED STATES MARSHAL**

---

    The plaintiff filed his Amended Prisoner Complaint (the "Complaint") (Doc. # 10) on April 27, 2009. On May 6, 2009, this Court ordered the United States Marshal to effect service on the defendants (*see* Doc. # 14). The Marshal obtained a waiver of service (Doc. # 16) from the Colorado Department of Corrections ("CDOC") for Defendants Milyard, Dowis, Fortunado, and Wade on May 7, 2009. Because Defendant Brian Webster was no longer employed at CDOC, the CDOC did not waive and accept service for him. CDOC provided the Marshal with Mr. Webster's last known forwarding address but the Marshal was unable to serve Defendant Webster. Consequently, Magistrate Judge Boyd N. Boland issued an order (Doc. # 47) for Plaintiff to show cause

why the Complaint should not be dismissed as against Defendant Webster for failure to prosecute.  In response to the show cause order (Doc. # 54 at 6), Plaintiff stated that the Attorney General's office is in possession of Defendant Webster's address, since Webster is a party in other cases before this Court.

Magistrate Judge Boland ordered (Doc. # 72) defense counsel to attempt to obtain Defendant Webster's address from the Attorney General; the address obtained was a post office box, which is unacceptable for service of process under the Federal Rules of Civil Procedure.  Magistrate Judge Boland again ordered (Doc. # 99) Plaintiff to provide the court, on or before December 4, 2009, with an acceptable street address for Defendant Webster where service of process could occur, or otherwise show cause as to why the Complaint should not be dismissed as to Defendant Webster.  Plaintiff's response (Doc. # 125) to this second show cause order did not provide a street address for Defendant Webster nor did it show cause why the Complaint should not be dismissed as to Defendant Webster.  Accordingly, on December 17, 2009, Magistrate Judge Boland issued a Report and Recommendation (Doc. # 133) that the Complaint be dismissed without prejudice as to Defendant Webster pursuant to Local Rule 41.1 for failure to prosecute.  On December 28, 2009, Plaintiff filed an Objection to Magistrate Judge Boland's Recommendation (Doc. # 138).  In the Objection, Plaintiff presented the Court with "the physical address of defendant Brian R. Webster."  The Court notes that Plaintiff did not provide this physical address in response to Judge Boland's Order to Show Cause.  Rather, Plaintiff failed to provide any address to Judge Boland, thus

requiring the expenditure of time and resources in preparation of the Report and Recommendation. This type of gamesmanship will not be countenanced by this Court and Plaintiff is hereby put on notice that his failure to timely comply with this Court's future orders will result in appropriate sanctions. However, because Plaintiff's Objection was timely-filed pursuant to Fed. R. Civ. P. 72(b)(2), the Court will make a one-time exception and accept this late filed response to the Order to Show Cause.

As a result of Plaintiff's provision of an address for Defendant Webster, it is hereby ORDERED that Magistrate Judge Boland's December 17, 2009 Report and Recommendation (Doc. # 133) is overruled as moot. It is

FURTHER ORDERED that the United States Marshal shall attempt to personally serve a copy of the Amended Prisoner Complaint, summons, order granting leave to proceed pursuant to 28 U.S.C. § 1915 and all other orders upon Defendant Brian Webster at the address provided by Plaintiff. All costs of service shall be paid by the United States Marshal.

DATED: January __5__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge