IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00354-CMA-BNB

GREGG JOSEPH SAVAJIAN, #125166

Plaintiff,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility,
PHYSICIAN'S HEALTH PARTNERS, Facility Medical Provider,
DR. J. G. FORTUNADO, Staff Supr. Physician (PHP),
BRIAN WEBSTER, Physician's Asst. (PHP),
BEVERLY DOWIS, Facility Medical Administrator (PHP), and
OFFICER CHRIS WADE, Facility Transport Driver,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiff's Cross Motion for Summary Judgment Pursuant to Federal Civil Rules of Procedure, Rule 56** [Doc. #159, filed 02/11/2010] (the "Motion"). The Motion is STRICKEN.

The Motion is untimely. The deadline for filing dispositive motions was February 4, 2010. The Motion was filed on February 11, 2010. I am aware that the prison mailbox rule applies to an inmate's filing of a civil rights complaint, Price v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005), and that it has been extended to include a variety of other papers filed by a *pro se* inmate. United States v. Gray, 182 F.3d 762, 765 n.4 (10th Cir. 1999). Under the mailbox rule, "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." Philpot, 420 F.3d at 1165. However, the inmate must establish actual use

of the prison's internal mail system in order to be accorded the benefits of the mailbox rule. Id. Although the plaintiff has dated his Motion "2/2/2010," *Motion*, p. 31,[1] he does not provide any argument or evidence to establish that the mailbox rule applies to his Motion.

In addition to being untimely, the Motion is deficient in many ways. All typewritten papers must be double-spaced. D.C.COLO.LCiv.R 10.1E. The Motion is typewritten, single-spaced, and 31 pages in length. Moreover, motions "shall be concise. A verbose, redundant, ungrammatical, or unintelligible motion . . . may be stricken . . . and its filing may be grounds for imposing sanctions." D.C.COLO.LCiv.R 7.1H. The plaintiff's Motion is verbose and redundant.

The Complaint alleges three claims: (1) the plaintiff has been denied proper medical treatment for hepatitis C; (2) he has been denied proper medical treatment for chronic back and knee pain; and (3) while being transported to a medical appointment the transport officer was deliberately indifferent to the inclement weather conditions, failed to reschedule the transport, and was involved in an accident, resulting in further injury to the plaintiff's back and knee. The plaintiff's "Material Facts" are divided into three sections--one section for each of the plaintiff's three claims. Each section of Material Facts is followed by a "Summary of Material Facts." The Material Facts total 66 paragraphs, excluding the summaries. Many of the paragraphs contain argument. To the extent the paragraphs contain factual statements, the plaintiff does not support each factual statement with evidence. The Material Facts are followed by 6 pages of argument. The argument section does not provide any organized or comprehensible application of the facts

---

[1] In addition to the deficiencies discussed in this order, the Motion is not consecutively paginated. Therefore, I cite to the page numbers of the Motion as they are assigned by the court's docketing system.

and the law to each of his three claims.

The Motion appears to be, at least in part, a response to the defendants' motion for summary judgment [Doc. #139]. To the extent the plaintiff is attempting to both respond to the defendants' motion for summary judgment and submit his own motion for summary judgment, "a cross motion for summary judgment shall not be included in a response brief. A cross motion shall be made in a separate motion . . . ." D.C.COLO.LCiv.R 56.1B.

Finally, the Motion contains numerous immaterial and impertinent statements, and *ad hominem* attacks against the defendants. The Motion is untimely, disorganized, and utterly inappropriate. Accordingly,

IT IS ORDERED that the Motion is STRICKEN.

Dated February 17, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge