**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00354-CMA-BNB

GREGG JOSEPH SAVAJIAN, #125166,

      Plaintiff,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility,
PHYSICIAN'S HEALTH PARTNERS, Facility Medical Provider,
DR. J. G. FORTUNADO, Staff Supr. Physician (PHP),
BRIAN WEBSTER, Physician's Asst. (PHP),
BEVERLY DOWIS, Facility Medical Administrator (PHP), and
OFFICER CHRIS WADE, Facility Transport Driver,

      Defendants.

---

**ORDER AFFIRMING RECOMMENDATION OF UNITED STATES MAGISTRATE TO DENY PLAINTIFF'S ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER, AFFIRMING ORDER DENYING LEAVE TO SERVE ADDITIONAL INTERROGATORIES, AND OVERRULING MAGISTRATE JUDGE'S ORDER TO STRIKE PLAINTIFF'S "CROSS MOTION" FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Plaintiff Gregg Joseph Savajian's "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" (Doc. # 21) ("Plaintiff's Motion for Injunctive Relief"), Plaintiff's "Motion Objecting the [sic] Recommendation to Deny Defendant's Amended Motion to Grant Leave to Serve Additional Interrogatories to Defendant Brian R. Webster; In Absent Reo [sic]" ("Plaintiff's Objection") (Doc. # 140; Plaintiff's Motion for Leave to Serve Additional Interrogatories, Doc. # 84), and Plaintiff's "Motion of Objection to Magistrate's Motion to

'Strike' Plaintiff's Cross Motion for Summary Judgment Pursuant to Fed. R. Civ. P., Rule 56 (Doc. # 162), and Plaintiff's Letter Requesting Status of the Case (Doc. # 163).

Plaintiff's Motion for Injunctive Relief was referred to Magistrate Judge Boyd N. Boland for Recommendation pursuant to Orders of Reference dated May 6 and 15, 2009 (Doc. ## 13 and 22, respectively).  Magistrate Judge Boland issued a Recommendation on October 29, 2009, that Plaintiff's Motion for Injunctive Relief be denied. (Doc. # 95 at 4).  The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Plaintiff's Amended Motion to Grant Leave to Serve Additional Interrogatories to Defendant Webster (Doc. # 84) was referred to Magistrate Judge Boland pursuant to Order of Reference dated October 14, 2009 (Doc. # 85).  On December 17, 2009, Magistrate Judge Boland issued an Order denying Plaintiff's Amended Motion. (Doc. # 132).

Plaintiff's Cross Motion for Summary Judgment ("Plaintiff's 'Cross Motion'") (Doc. # 159) was referred to Magistrate Judge Boland pursuant to an Order of Reference dated February 12, 2010 (Doc. # 160).  On February 17, 2010, Magistrate Judge issued an Order Striking Plaintiff's Cross Motion for Summary Judgment (Doc. # 161).

For the following reasons, the Court ACCEPTS Magistrate Judge Boland's Recommendation to deny Plaintiff's Motion for Injunctive Relief, AFFIRMS Magistrate Judge Boland's Order on Plaintiff's Motion regarding additional interrogatories, and

OVERRULES Magistrate Judge Boland's Order regarding Plaintiff's Cross Motion for Summary Judgment.

## I.  BACKGROUND

On February 20, 2009, Plaintiff, a prisoner at the Sterling Correctional Facility in Sterling, Colorado, filed a *pro se* 42 U.S.C. § 1983 Complaint against Defendants, correctional facility employees and medical care contractors, for alleged violations of Plaintiff's Eighth Amendment right to be free from Cruel and Unusual Punishment. In pertinent part, Plaintiff alleges that (1) he has been denied proper medical treatment for hepatitis C; (2) he has been denied proper medical treatment for pre-existing conditions of chronic back and knee pain and for further injuries he suffered while in Defendants' custody; and (3) while he was transported to a medical appointment, the transport officer was deliberately indifferent to the inclement weather conditions, failed to reschedule the transport, and was involved in an accident, resulting in further injury to his back and knee.  (Doc. # 3).  Plaintiff filed an Amended Complaint on March 9, 2009, (Doc. # 5) and a Second Amended Complaint on April 27, 2009 (Doc. # 10).

Among the named Defendants is Brian R. Webster, a physician's assistant for co-Defendant Physician's Health Partners, a medical provider for the correctional facility.  Despite several attempts, process has not yet been served on Mr. Webster because of Plaintiff's inability to identify a proper street address.  However, pursuant to the Court's January 5, 2010 Order (Doc. # 143), a final service attempt is being made.

3

## II.  PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

On May 14, 2009, Plaintiff filed his Motion for Injunctive Relief (Doc. # 21).

In pertinent part, Plaintiff asks the Court to:

1.     stop Defendants from "continuing refusal, denial, and supplementing of medication, medical treatment, procrastination, and cursory examinations of [him];"

2.     order an "independent full and efficient examination at an independent medical clinic/center to re-diagnose pre-existing back injuries, newly acquired knee and back injuries;"

3.     end the "harassment, physical abuse or unnecessary medical 'tests' by PHP staff, to be excused from day/nighttime assignment(s), educational and extra duty activities using physical stress on the back and knee body functions, and all/any unusual, extraordinary, and abusive treatment;" and

4.     "allow [P]laintiff his current visiting status, law library access, dietary needs, postal, canteen, adequate physical access to the outdoor yard, and any/all normal advantages and standard living privilege as per current security classification permits."

(Doc. # 21 at 1-2).  In support of his Motion, Plaintiff submitted an affidavit in which he states, in pertinent part, "As of today, May 8, 2009,...[he has] been denied essential, prescribed pain medication for the previous 100 days.  The denial of this medication, added with the refusal of any prescribed medical treatment for my back/spinal injury, has and is causing serious pain, loss of sleep, loss of mobility, serious depression, and emotional stress which can not [sic] be described." (*Id.*, Savajian Affid., at 1).

On October 29, 2009, Magistrate Judge Boland issued a Recommendation denying Plaintiff's Motion for Injunctive Relief.  (Doc. # 95).  In his Recommendation, Magistrate Judge Boland noted that Plaintiff "seeks both a mandatory injunction and

4

an injunction that would disturb the status quo," two of the three kinds of preliminary injunctions that are generally disfavored.  (*Id.* at 3).  *See SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991) (identifying the following kinds of disfavored preliminary injunctions: (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits). Magistrate Judge Boland primarily denied Plaintiff's Motion due to his failure to show unequivocally that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is substantial likelihood that the moving party will eventually prevail on the merits.  (*Id.* at 3); *see Lundgren v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

On November 5, 2009, Plaintiff timely-submitted his Objection to Magistrate Judge Boland's Recommendation.  (Doc. # 100).  For unknown reasons, Plaintiff re-filed the same document on January 26, 2010 (Doc. # 148).  In support of his Objection, Plaintiff addressed the four preliminary injunction factors as follows: (1) Plaintiff contends that he "**may be, could be** in danger of irreversible spinal injury if the herniated disc impacts a nerve in his spine" and that he is "in a constant state of pain and suffering;" (2) "to treat a patient in the custody of the State has no bearing on any damages to [Defendant] Sterling Facility;" (3) "the issue of this injunction being

5

advaerse [sic] to the public is moot...[prisoners'] health and welfare is critical to the public's interests;" and (4) "there is a substantial likelihood that the [he] will prevail on the merits".  (Doc. # 100 at 3) (emphasis added).

## A.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b), magistrate judges may hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, among other types of dispositive motions.  In connection with motions for injunctive relief, and the other excepted motions, magistrate judges "may only make proposed findings of fact and recommendations, and district courts must make *de novo* determinations as to those matters if a party objects to the magistrate's recommendations." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988) (citing 28 U.S.C. § 636(b)(1)(A)-(C); *see also* FED. R. CIV. P. 72(b)(3).  An objection is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  According to the Federal Rules of Civil Procedure in effect at the time of the Recommendation's issuance, an objection is timely if made within 10 days after the Magistrate Judge issues his recommendation.[1]  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

---

[1]   Effective December 1, 2009, parties must file objections within 14 days after being served with a copy of a recommended disposition.  Fed. R. Civ. P.  72(b).

In the instant case, Plaintiff timely-filed his Objection (Doc. # 100) to Magistrate

Judge Boland's Recommendation (Doc. # 95), on November 9, 2009.[2]  Accordingly, the

Court has performed a *de novo* review.

**B.    MAGISTRATE JUDGE BOLAND PROPERLY DENIED PLAINTIFF'S
       REQUEST FOR INJUNCTIVE RELIEF.**

Having reviewed the entire record in this matter, the Court concurs with

Magistrate Judge Boland's denial of Plaintiff's Motion for Injunctive Relief.

A movant who seeks one of the disfavored types of preliminary injunctions must

satisfy a heightened burden; he "must make a **strong showing** both with regard to the

likelihood of success on the merits and with regard to the balance of harms".  *O Centro*

*Espirita Beneficente Uniao do Vegetal v. Ashcroft*, 389 F.3d 975-76 (10th Cir. 2004)

(emphasis added).  Courts must "assure that the exigencies of the case support the

granting of a remedy that is extraordinary".  *Id.* at 975.  Because preliminary injunctions

primarily serve to prevent irreparable harm, "the focus always must be on prevention of

injury by proper order, not merely on preservation of the status quo."  *Canal Auth. of the*

*State of Florida v. Callaway*, 489 F.2d 567, 576 (5th Cir.1974) (quoted in *O Centro*

*Espirita*, 389 F.3d at 1002 (Seymour, J., concurring)).

In the instant case, in support of his Motion for Injunctive Relief, Plaintiff

submitted a single affidavit and no documentary evidence in support of his allegation

of irreparable harm.  (Doc. # 21, Attachment # 1, Savajian Affid.).  Plaintiff's Motion was

---

[2]  Because Plaintiff, as a *pro se* prisoner, received the magistrate's Recommendation by mail, the Court has added three days to Plaintiff's deadline to object.  Fed. R. Civ. P. 6(d).

bereft of any evidence concerning his stated medical conditions, his requests for treatment and/or medication, Defendant's denial of Plaintiff's requests and the basis for such denial, and Plaintiff's pre-incarceration treatment for certain pre-existing medical conditions.  Without any substantiation, Plaintiff contends that Defendant's denial of medication and medical treatment "has and is causing [Plaintiff] serious pain, loss of sleep, loss of mobility, serious depression, and emotional distress which can not [sic] be described."  (Savajian Affid., ¶ A).  About six months later, in support of his Objection to Magistrate Judge Boland's Recommendation, Plaintiff boldly asserts that he "may be, could be in danger of irreversible spinal injury".  (Doc. # 100 at 3).  However, Plaintiff merely provides assertions, no substantiation.  Further, Plaintiff has presented no evidence of any injury or harm he may have suffered over the six month period, since he filed his Motion for Injunctive Relief.  Furthermore, Plaintiff has failed to substantiate his bold assertion of a substantial likelihood of success.  In sum, Plaintiff has not made a strong showing with regard to his likelihood of success and the balance of harms.

For the foregoing reasons, this Court agrees with Magistrate Judge Boland's determination that Plaintiff has not sustained his burden to establish clearly and unequivocally his right to injunctive relief.

### III.  PLAINTIFF'S REQUEST TO SERVE ADDITIONAL INTERROGATORIES

On October 8, 2009, Plaintiff submitted an "Amended Motion to Grant Leave to Serve Additional Interrogatories to [sic] Defendant Webster; In Absente Reo [sic]" ("Plaintiff's Amended Motion to Serve Additional Interrogatories").   (Doc. # 84).

In pertinent part, Plaintiff seeks leave to serve an additional 15 interrogatories, primarily because he has yet to serve interrogatories on Mr. Webster.  Plaintiff's request would increase the number of interrogatories to 65 per side.[3]  (Doc. # 84 at 4).  On December 17, 2009, Magistrate Judge Boland denied Plaintiff's request because "by separate recommendation [Doc. # 133], [he has] recommended that defendant Webster be dismissed without prejudice" due to several failed attempts to serve process on Mr. Webster (the "December 17 Order").[4]  (Doc. # 132 at 2).

On December 31, 2009, Plaintiff timely-filed his Objection to Magistrate Judge Boland's December 17 Order.  (Doc. # 140).[5]  For unknown reasons, Plaintiff re-filed the identical Motion on January 26, 2010.  (Doc. # 149).  As grounds for his objection, Plaintiff states that he is "being denied equal access, equal opportunity, and less than normal/allowable discovery limits" and that denial of his request "can only be construed as prejudicial."  (Doc. # 140 at 3).  However, Plaintiff acknowledges that he has "submitted less than [the allotted] fifty interrogatories".  (*Id.*)

This is Plaintiff's second request to serve additional interrogatories, beyond the 50 allowed pursuant to Magistrate Judge Boland's August 10, 2009 Scheduling Order.

---

[3]   On August 10, 2009, Magistrate Judge Boland issued a Scheduling Order that allowed 50 interrogatories per side.  (Doc. # 50).

[4]   On January 5, this Court overruled Magistrate Judge Boland's recommendation to dismiss Defendant Webster because of Plaintiff's belated presentation to the Court of an allegedly valid address for Defendant Webster.  The Court ordered the United States Marshal to attempt to complete personal service.  (Doc. # 143).

[5]   While the underlying Motion sought leave to serve an additional fifteen interrogatories (Doc. # 84 at 4), the instant Objection seeks leave to serve an additional twenty interrogatories (Doc. # 149 at 3).

(Doc. # 50).  On September 11, 2009, Plaintiff submitted a Motion for Leave to serve an additional 50 interrogatories, which would increase the total number of interrogatories to 100, and enable Plaintiff to serve 20 interrogatories on each named defendant.  (Doc. # 69).  Plaintiff contended that additional interrogatories were needed to correct the disparity between the number of interrogatories Defendants could serve on Plaintiff (50) and the number of interrogatories Plaintiff could serve on each of the five defendants (10).  (*Id.*, ¶ 2).  On October 1, 2009, Magistrate Judge Boland denied Plaintiff's September 11, 2009 Motion because Plaintiff "failed to detail how he has used the interrogatories already allotted; failed to specify what additional matters need to be inquired into; and failed to detail how he would use the additional interrogatories, if allowed."  (Doc. # 73 at 2).  Magistrate Judge Boland further noted that, "[f]airness in discovery is not achieved by perfect symmetry" and that additional interrogatories "might invite abuse."  (*Id.*)

## A.   **LEGAL STANDARD**

As Plaintiff's Motion concerns a discovery matter, namely whether he may serve additional interrogatories, the magistrate judge's order exclusively addressed non-dispositive pretrial matters.  Pursuant to Fed. R. Civ. P. 72(a), the district court must consider a party's timely objections to a magistrate judge's order on non-dispositive pre-trial matters and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133

(D. Colo. 1996).  Objections are timely if filed by a party within 14 days after being served a copy of the magistrate judge's order.  Fed. R. Civ. P. 72(a).  Accordingly, Plaintiffs' Objection will be overruled unless the Court finds that the magistrate judge abused his discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been committed."  *Ariza*, 167 F.R.D. at 133 (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988)).

**B.    MAGISTRATE JUDGE BOLAND'S DENIAL OF PLAINTIFF'S REQUEST WAS NOT CLEARLY ERRONEOUS.**

Having reviewed the record, the Court concludes that Magistrate Judge Boland's December 17 Order denying Plaintiff's request was not clearly erroneous or an abuse of discretion.  As Magistrate Judge Boland noted in connection with Plaintiff's prior requests, Plaintiff has failed to detail how he has used the interrogatories already allotted, failed to specify what additional matters need to be inquired into, and failed to detail how he would use the additional interrogatories, if allowed.  Moreover, Plaintiff fails to state why leave to serve additional interrogatories is necessary when Plaintiff had not yet expended the allotted fifty interrogatories.  (*See* Doc. # 149 at 3).  Finally, based on the record before the Court, personal service on Defendant Webster does not appear to be complete.

Accordingly, for the foregoing reasons, the Court AFFIRMS Magistrate Judge Boland's December 17, 2009 Order denying Plaintiff's Amended Motion to Serve Additional Interrogatories.

### IV.  PLAINTIFF'S "CROSS MOTION" FOR SUMMARY JUDGMENT

On December 31, 2009, Defendants filed a Motion for Summary Judgment in connection with all three of Plaintiff's claims.  (Doc. # 139).  In pertinent part, Defendants contend that (1) Plaintiff cannot establish that Defendants acted with the deliberate indifference necessary to state a viable claim for any constitutional violation or that the law was clearly established for qualified immunity purposes and (2) Plaintiff has not and cannot demonstrate that Defendant Physician Health Partners violated Plaintiff's constitutional rights.

On February 11, 2010, Plaintiff filed a "Cross Motion for Summary Judgement [sic] Pursuant to Federal Civil Rules of Procedure, Rule 56."  ("Plaintiff's 'Cross Motion'") (Doc. # 159).  In pertinent part, Plaintiff presents numerous and often unnecessarily lengthy, redundant, and somewhat irrelevant facts and arguments as to why the Court should "not [ ] dismiss his civil complaint."  (*Id*. at 31).[6]

On February 17, 2010, Magistrate Judge Boland issued an Order (Doc. # 161) striking Plaintiff's "Cross Motion" on the following grounds: (1) Plaintiff filed his "Cross Motion" one week after the February 4 dispositive motion deadline, and (2) the "Cross Motion" failed to comport with the Court's Local Rules,[7] which require that all submissions be double-spaced, allow the Court to strike verbose, redundant,

---

[6]   Because Plaintiff did not consecutively number the pages of his motion, the referenced page numbers for Plaintiff's "Cross Motion" are from the Court's CM/ECF docketing system.

[7]   In response to Plaintiff's inquiry, the Court notes that its Local Rules are posted on the web site for the United States District Court for the District of Colorado, www.cod.uscourts.gov.

ungrammatical, or unintelligible motions, and prohibit the inclusion of motions in responses to prior-filed motions.  (Doc. # 161 at 1-3).

### A.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 72(a), the district court must consider a party's timely objections to a magistrate judge's order on non-dispositive pre-trial matters, such as the instant order striking a pleading, and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A).  Objections are timely if filed by a party within 14 days after being served a copy of the magistrate judge's order.  Fed. R. Civ. P. 72(a).  Accordingly, Plaintiff's Objections will be overruled unless the Court finds that the magistrate judge abused his discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been committed."  *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

### B.    PLAINTIFF'S "CROSS MOTION" FOR SUMMARY JUDGMENT

At the outset, the Court notes that it must liberally construe Plaintiff's filings because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  At the same time, the Court should not be an advocate for a *pro se* litigant, *see Hall*, 935 F.2d at 1110, and *pro se* litigants must "follow the same rules of procedure that govern other

litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotations omitted).

Having reviewed Plaintiff's "Cross Motion" (Doc. # 159) and compared it to the issues and arguments raised in Defendants' Motion for Summary Judgment (Doc. # 139), the Court finds that Plaintiff's "Cross Motion" is actually a Response to Defendants' Motion.  While Plaintiff identified his filing as a "Cross Motion," such label is likely due to his unfamiliarity with the legal terminology and the Federal Rules of Civil Procedure.  The fact that Plaintiff asks the Court "not to dismiss his civil complaint" clarifies that the instant filing is really a Response in opposition to Defendants' Motion.

Having determined that Plaintiff's "Cross Motion" is really a responsive pleading, the Court finds that it is timely-filed pursuant to a February 19, 2010 deadline set by Magistrate Judge Boland (Doc. # 152).

Accordingly, the Court overrules Magistrate Judge Boland's Order to Strike and accepts Plaintiff's "Cross Motion."

## V.  CONCLUSION

Based on the foregoing, IT IS ORDERED that United States Magistrate Judge Boyd N. Boland's October 29, 2009 Recommendation (Doc. # 95) is ACCEPTED and, for the reasons cited therein and above, Plaintiff's Motion for Injunctive Relief (Doc. # 21) is DENIED.

IT IS FURTHER ORDERED that the December 17, 2009 Order of Magistrate Judge Boland (Doc. # 132) is AFFIRMED and that Plaintiff's Amended Motion to Grant Leave to Serve Additional Interrogatories (Doc. # 84) is DENIED.

IT IS FURTHER ORDERED that Magistrate Judge Boland's Order to Strike Plaintiff's Cross Motion for Summary Judgment Pursuant to Federal Rules of Procedure, Rule 56 (Doc. # 161) is OVERRULED.

IT IS FURTHER ORDERED that Plaintiff's Cross Motion for Summary Judgment (Doc. # 159) be reinstated and this document be re-docketed by the Court's docketing clerk as "Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. # 139)".

IT IS FURTHER ORDERED that Defendants file any Reply in support of their Motion for Summary Judgment (Doc. # 139) **by no later than March 4, 2010**.

IT IS FURTHER ORDERED that Plaintiff's Letter Requesting the Status of Case (Doc. # 163) is now moot.

IT IS FURTHER ORDERED that Plaintiff shall make every reasonable and good faith effort to ensure that his future filings comport with the Federal Rules of Civil Procedure and the Local Rules of this Court.

DATED:  February __24__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

15