IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00354-CMA-BNB

GREGG JOSEPH SAVAJIAN, #125166

Plaintiff,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility,
PHYSICIAN'S HEALTH PARTNERS, Facility Medical Provider,
DR. J. G. FORTUNADO, Staff Supr. Physician (PHP),
BRIAN WEBSTER, Physician's Asst. (PHP),
BEVERLY DOWIS, Facility Medical Administrator (PHP), and
OFFICER CHRIS WADE, Facility Transport Driver,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiff's Cross Motion for Summary Judgment Pursuant to Federal Civil Rules of Procedure, Rule 56** [Doc. #159, filed 02/11/2010].

On February 17, 2010, I entered an order striking the plaintiff's cross motion because it was filed after the dispositive motion deadline and because it failed to comply with the court's Local Rules [Doc. #161]. The plaintiff filed an objection to my order on February 23, 2010 [Doc. #162]. On February 25, 2010, the district judge construed the plaintiff's cross motion as a response to the defendants' motion for summary judgment (the "Response") and ordered it to be reinstated [Doc. #164].

Although now construed as a Response, the plaintiff's brief remains in violation of the court's Local Rules. The defendants' summary judgment motion contains 35 pages of double-spaced typewritten text. The plaintiff's Response contains 31 pages of single-spaced typewritten

text. Thus, the Response is nearly twice the length of the Motion.

All typewritten papers must be double-spaced. D.C.COLO.LCiv.R 10.1E. Although he is proceeding *pro se*, the plaintiff must "follow the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994). Therefore, the plaintiff shall file an amended response which shall be limited to 35 pages of double-spaced typewritten text. Each page shall be paginated consecutively.[1]

In addition, the Response is verbose and redundant. Motions "shall be concise. A verbose, redundant, ungrammatical, or unintelligible motion . . . may be stricken . . . and its filing may be grounds for imposing sanctions." D.C.COLO.LCiv.R 7.1H.

The Complaint alleges three claims: (1) the plaintiff has been denied proper medical treatment for hepatitis C; (2) he has been denied proper medical treatment for chronic back and knee pain; and (3) while being transported to a medical appointment the transport officer was deliberately indifferent to the inclement weather conditions, failed to reschedule the transport, and was involved in an accident, resulting in further injury to the plaintiff's back and knee. The plaintiff's "Material Facts" are divided into three sections--one section for each of the plaintiff's three claims. Each section of Material Facts is followed by a "Summary of Material Facts." The Material Facts total 66 paragraphs, excluding the summaries. Many of the paragraphs contain argument. To the extent the paragraphs contain factual statements, the plaintiff does not support each factual statement with evidence. The Material Facts are followed by 6 pages of argument. The argument section does not provide any organized or comprehensible application, with respect to the three separate claims, of the facts to the law. As a result, it is unreasonably

---

[1] The plaintiff did not consecutively number the pages of the Response.

difficult to determine the undisputed material facts and to comprehend the plaintiff's arguments as they apply to each of his claims.

The plaintiff's amended response shall specifically admit or deny the asserted material facts set forth by the defendants. The admission or denial shall be made in separate paragraphs numbered to correspond with the defendants' numbered paragraphs. This section of the plaintiff's amended response shall be titled "Response to Statement of Undisputed Material Facts." Any denial shall be accompanied by a *brief* factual explanation of the reason(s) for the denial and a *specific reference* to evidence in the record which supports the denial.

If the plaintiff believes there are additional material facts, he may set them forth in a section titled "Statement of Additional Material Facts." Each additional fact shall be stated in simple, declarative sentences, separately numbered and paragraphed. Each factual statement shall be supported by a pinpoint cite to evidence. The "Response to Statement of Undisputed Material Facts" and the "Statement of Additional Material Facts" shall not contain argument.

The argument section of the amended response shall be separately labeled "Argument." The Argument section may follow the format of the defendants' Argument section, or the plaintiff may address each of his claims separately. In addressing his claims, the plaintiff shall apply the facts and the law to each claim.

Finally, the Response contains numerous immaterial and impertinent statements and *ad hominem* attacks on the defendants. The amended response shall not contain any of these statements or attacks. Accordingly,

IT IS ORDERED that the Response is STRICKEN.

IT IS FURTHER ORDERED that on or before **April 1, 2010**, the plaintiff shall file an

amended response to the defendants' motion for summary judgment. The amended response shall comply with the Local Rules of this court and with this Order.

IT IS FURTHER ORDERED that the defendants shall file a reply brief within 15 days after the amended response is filed.

Dated March 1, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge