IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00354-CMA-BNB

GREGG JOSEPH SAVAJIAN, #125166

Plaintiff,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility,
PHYSICIAN'S HEALTH PARTNERS, Facility Medical Provider,
DR. J. G. FORTUNADO, Staff Supr. Physician (PHP),
BRIAN WEBSTER, Physician's Asst. (PHP),
BEVERLY DOWIS, Facility Medical Administrator (PHP), and
OFFICER CHRIS WADE, Facility Transport Driver,

Defendants.

_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion to Strike Defendant Webster's Motion for Summary Judgment . . . .** [Doc. #173, filed 03/30/2010] (the "Motion"). The Motion is DENIED.

Defendant Brian Webster was served with a summons and a copy of the plaintiff's Amended Complaint on March 3, 2010 [Doc. #166]. Webster filed an answer to the Amended Complaint [Doc. #168] and a motion for summary judgment [Doc. # 169] on March 12, 2010. The plaintiff filed a response to the motion for summary judgment on April 13, 2010 [Doc. #177], and Webster filed his reply brief on April 21, 2010 [Doc. #179].

The plaintiff requests an order striking Webster's motion for summary judgment because it is in violation of Rule 12(b)(4) and Rule 12(b)(5), Fed.R.Civ.P. These rules provide that a

defendant may assert by motion the defenses of insufficient process and insufficient service of process. The rules do not provide a basis for striking Webster's motion for summary judgment.

The plaintiff asserts that because Webster filed a summary judgment motion simultaneously with his answer, the plaintiff has not had an opportunity to obtain discovery from Webster. Rule 56(f), Fed. R. Civ. P., provides that "[i]f a party opposing the [motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" stay a ruling on the matter in order to allow additional discovery.

Here, the plaintiff has not presented an affidavit, nor has he specified why he cannot present facts in opposition to Webster's motion.[1] The plaintiff does not address the information he needs or why such information is necessary to respond to Webster's motion.[2] "Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable; the opposing party must demonstrate how additional time will enable him to rebut movant's allegations of no genuine issue of fact." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir. 1986).

IT IS ORDERED that the Motion is DENIED.

---

[1] Indeed, he filed a response to Webster's motion on April 13, 2010.

[2] I note that the plaintiff's claim against Webster is for deliberate indifference to his medical needs in violation of the Eighth Amendment. The defendants assert, and the plaintiff does not dispute, that the other named defendants have engaged in extensive discovery with the plaintiff, including interrogatories and requests for documents, and the plaintiff has obtained a copy of his Department of Corrections medical file and all medical records obtained by the defendants.

Dated July 22, 2010.

                                          BY THE COURT:

                                          /s/ Boyd N. Boland
                                          United States Magistrate Judge